IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW TOLIVER, ID # 891053, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:03-CV-1402-D |
| ) | |
| DOUGLAS DRETKE, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On October 15, 1999, petitioner pled *nolo contendere* to a charged aggravated sexual assault in Hunt County, Texas. (*See* Pet. for Writ of Habeas Corpus (Pet.) at 2.) On September 27, 2000, the court of appeals dismissed his appeal for lack of jurisdiction. (*Id.* at 3.) On November 20, 2000, the court of appeals denied petitioner's request for rehearing. *See Toliver v. State*, No. 05-99-001804-CR, http://www.courtstuff.com/FILES/05/99/05991804.HTM (docket

sheet information generated Mar. 2, 2005) (Official internet site of the Fifth Court of Appeals of Texas at Dallas) (hereinafter referred to as State Docket Sheet).  Petitioner filed no petition for discretionary review.  *Id.*  On January 24, 2001, the Texas Court of Criminal Appeals dismissed petitioner's first state writ (Writ No. 48,129-01) because his appeal was still pending.  (Pet. at 3-4.)  On February 20, 2001, the court of appeals issued its mandate.  (State Docket Sheet.)

On September 10, 2001, petitioner filed a second state application for writ of habeas corpus (Writ No. 48,129-03).  (*See* Attachment to Answers to Third Magistrate Judge's Questionnaire.)  On October 2, 2002, the Texas Court of Criminal Appeals denied a motion for leave to file an original writ of mandamus (Writ No. 48,129-02) and petitioner's second state application for writ of habeas corpus (Writ No. 48,129-03).  (*See id.*)  On February 26, 2003, petitioner filed a third state application for writ of habeas corpus (Writ No. 48,129-04).  (*See* Answer to Question 1 of Magistrate Judge's Questionnaire and attachment thereto.)  On April 30, 2003, the Texas Court of Criminal Appeals dismissed that state application as an abuse of the writ.  (*See* Pet. at 4.)

Petitioner filed the instant federal petition on May 27, 2003, when he placed it in the prison mailing system.[1]  (Pet. at 9); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prison mailbox rule applies to prisoner filings in federal court).  He claims that he is being held unlawfully because his attorney rendered ineffective assistance by failing to file a motion to dismiss based upon an alleged violation of petitioner's right to a speedy trial.  (Pet. at 7; Mem. Law at 1-6.)  He further claims that his attorney rendered ineffective assistance by failing to investigate and discover that petitioner was unable to make necessary payments required as a condition of probation

---

[1] On December 10, 2004, petitioner filed a motion seeking a ruling on the instant action.  The Court denies the motion as unnecessary.

imposed prior to his current conviction. (Pet. at 7-8; Mem. Law at 1-2, 9-12.) He also claims that the State violated his rights to due process by delaying his indictment. (Pet. at 7; Mem. Law at 1-2, 6-8.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C)). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final

3

or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his conviction but filed no petition for discretionary review (PDR). (*See* State Docket Sheet.) The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court denied petitioner's motion for rehearing. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's claims thus became final on December 20, 2000.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment became final on December 20, 2000. Petitioner would have known the factual bases for his claims on or before the date of his conviction on October 15, 1999. Thus, petitioner's one-year statutory period for filing his petition will be calculated from the date his conviction became final on December 20, 2000. Because petitioner filed his petition more than one year later on May 27, 2003, a literal application of § 2244(d)(1) renders his petition untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that

petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also*, *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because the Texas Court of Criminal Appeals dismissed petitioner's first state petition due to a pending appeal, petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir.) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed), *cert. denied*, ___ U.S. ___, 125 S. Ct. 141 (2004); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Court of Criminal Appeals has no jurisdiction over a state writ until the direct appeal is final). Petitioner did not properly file a state application until September 10, 2001, when he filed Writ No. 48,129-03.[2]

When petitioner filed his second state application for writ of habeas corpus on September 10, 2001, 264 days had passed since his judgment of conviction became final on December 20, 2000. The filing of that application, nevertheless, tolled the limitations period until the Texas Court of Criminal Appeals denied the application on October 2, 2002. The limitations clock began to run again on October 3, 2002, and the remaining time expired before petitioner filed his third state

---

[2] The Texas Court of Criminal Appeals also denied a motion for leave to file an original writ of mandamus (Writ No. 48,129-02). Because a writ of mandamus is a mechanism to compel action, not review judgments, under Texas law, *see In re McAfee*, 53 S.W.3d 715, 716-17 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (noting what can be accomplished through a writ of mandamus under Texas law), such a writ does not statutorily toll the limitation period. A state-court filing invokes statutory tolling only when it seeks "'review' of the judgment pursuant to which [petitioner] is incarcerated." *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002).

5

application for writ of habeas corpus on February 26, 2003. Accordingly, the statutory tolling provision does not save the federal petition filed May 27, 2003.[3]

Further, nothing in the petition or memorandum of law in support of it indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Accordingly, petitioner's May 27, 2003 filing falls outside the statutory period and should be deemed untimely.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 30th day of March, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] The statutory tolling provision would not save the instant petition from being untimely even if the date of mandate (February 20, 2001) commenced the statute of limitations, and the Court statutorily tolled the limitations period while petitioner's third application for writ of habeas corpus remained pending in state court between February 23, 2003, and April 30, 2003. With those dates included in the calculations, petitioner still took 376 days to file the instant federal petition.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE